## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

Kim Dale,

     *Plaintiff,*

v.

     Case No. 16-1081-EFM-KGG

Bank of America, N.A.,

     *Defendant.*

## MEMORANDUM AND ORDER

After a default judgment against her in a foreclosure action in state court, Plaintiff Kim Dale, pro se, seeks to recover damages against Defendant Bank of America, N.A. ("Bank of America"), for fraud in the concealment, unconscionable contract, breach of fiduciary duty, intentional infliction of emotional distress, slander of title, and wrongful foreclosure. She also requests declaratory relief. Bank of America filed a Motion to Dismiss (Doc. 7), which is now before the Court. Bank of America argues that Dale's claims are barred by collateral estoppel and by Kansas' compulsory-counterclaim rule. For the reasons below, the Court disagrees, and denies Bank of America's Motion to Dismiss.

## I.     Factual and Procedural Background

Except for where otherwise specified, the Court recounts the facts as alleged by Dale.

Kim Dale and Rosa L. Carrasco are residents of Sedgwick County. On November 21, 2008, Dale and Rosa L. Carrasco executed a Note with Bank of America, wherein Bank of America purported to loan Dale and Carrasco $221,357. Eleven days later, Dale and Carrasco executed a Mortgage with Bank of America securing the loan with an interest in real property located in Wichita, KS (the "Property"). The Court will refer to the Note and Mortgage collectively as the "Loan." Between December 2008 and February 2013, Bank of America transferred its various rights and interests under the Loan to Guaranteed REMIC Pass-Through Securities and MX Securities Ginnie Mae REMIC Trust 2008-097 (the "Trust") and to Nationstar Mortgage, LLC ("Nationstar").

Public court records show that Nationstar initiated a state foreclosure proceeding for the Property on October 28, 2015. These public court records also show that Dale and Carrasco never filed any responsive pleadings, and the state court granted default judgment to Nationstar on December 10, 2015. Dale's complaint notes that a Notice of Sheriff's Sale dated December 24, 2015 was issued to Dale and Carrasco threatening to sell their property in an auction scheduled for January 27, 2016. The public court records show that the sheriff's sale was cancelled by Nationstar's request on January 28, 2016.

The Court now turns to the record in this case. Dale and Carrasco filed their current claims in the 18th Judicial District Court of Kansas in Sedgwick County on January 8, 2016. Later, Carrasco dropped out of the case. Dale lists Bank of America and Nationstar as defendants. Regarding Bank of America's conduct in executing the loan, Dale alleges (1) fraud in the concealment and (2) unconscionable contract. Based on these two claims, she argues that the Loan created no underlying obligations between the parties, and thus that Bank of America

never had any legitimate property interest in the Property. Regarding other conduct, she alleges (3) breach of fiduciary duty, (4) slander of title, (5) intentional infliction of emotional distress, and (6) wrongful foreclosure. She also requests (7) declaratory relief in order to quiet title to the Property. She requests "[m]onetary relief over $100,000 but not more than $2,000,000." She has attached to the complaint both Loan documents (the Note and Mortgage), Bank of America's Assignment of Mortgage to Nationstar, and the Notice of Sheriff's Sale.

Nationstar filed a Motion to Dismiss on February 19, 2016. Nationstar alleged that Dale and Carrasco's claims were barred due to the foreclosure judgment by (1) collateral estoppel and (2) Kansas' compulsory-counterclaim rule. The other defendant, Bank of America, had not yet been served with a copy of the Summons and Complaint. Bank of America was not served with a copy of the Summons and Complaint until March 1, 2016.

On March 8, 2016, Carrasco voluntarily dismissed her claims against both Nationstar and Bank of America. This left Dale as the only remaining plaintiff. The state court granted Nationstar's Motion to Dismiss on March 9, 2016. This leaves Dale and Bank of America as the only remaining parties.

Bank of America removed this case to this Court on March 31, 2016, on the basis of diversity jurisdiction. On April 7, 2016, Bank of America filed a Motion to Dismiss on the same grounds that Nationstar did. Bank of America alleges that Dale's claims are barred due to the foreclosure judgment by (1) collateral estoppel and (2) Kansas' compulsory-counterclaim rule. Bank of America's Motion to Dismiss is now before the Court.

## II.    Legal Standards

### A.  Motion to Dismiss for Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim where the plaintiff has failed to state a claim upon which relief can be granted.[1] Upon such motion, the Court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[2] A claim is facially plausible if the plaintiff pleads facts sufficient for the Court to reasonably infer that the defendant is liable for the alleged misconduct.[3] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well as the grounds on which each claim rests.[4]

Under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[5] "Generally, the sufficiency of a complaint must rest on its contents alone."[6] But the Court may also consider:

> (1) documents that the complaint incorporates by reference; (2) documents referred to in the complaint if the documents are central to the plaintiff's claim

---

[1] Fed. R. Civ. P. 12(b)(6).

[2] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[4] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008); *see also* Fed. R. Civ. P. 8(a)(2).

[5] *Iqbal*, 556 U.S. at 678–79.

[6] *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

and the parties do not dispute the documents' authenticity; and (3) matters of which a court may take judicial notice.[7]

Regarding the "judicial notice" exception, the Court may take judicial notice of court files and records—whether federal or state—as well as facts which are a matter of public record.[8] "However, the documents may only be considered to show their contents, not to prove the truth of matters asserted therein."[9] "If a district court intends to rely on other evidence, it must convert the Rule 12(b)(6) motion to a motion for summary judgment, giving proper notice to the parties."[10]

## B.  Pro Se Plaintiff

Because Dale is pursuing this action pro se, the Court must be mindful of additional considerations. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[11] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."[12] "[T]he court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[13]

---

[7] *Id.* (citations omitted)

[8] *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (saying a court's own files and records as well as facts which are a matter of public record can be considered under the judicial notice exception); *Rose v. Utah State Bar*, 471 F. App'x 818, 820 (10th Cir. 2012) (saying that filings from state-court disciplinary proceedings can be considered under the judicial notice exception).

[9] *Tal*, 453 F.3d at 1264 n.24

[10] *Gee*, 627 F.3d at 1186; Fed. R. Civ. P. 12(d).

[11] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12] *Id.*

[13] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

### III.     Analysis

Bank of America argues that Dale's claims are barred by (1) collateral estoppel and (2) Kansas' compulsory-counterclaim rule. Dale insists that the arguments Bank of America raises are inappropriate for a Motion to Dismiss. She insists that the Court may only look at her complaint and not to outside documents. The Court disagrees. As discussed above, the Court may take judicial notice of state-court proceedings. But Bank of America's arguments fail for other reasons.

### A.  Collateral Estoppel

Bank of America argues that Dale's claims are barred by collateral estoppel because of the state foreclosure judgment. Often, a previous court order precludes people from re-litigating issues or claims already decided.[14] One form of such preclusion is issue preclusion, which is also known as collateral estoppel.[15] Collateral estoppel "prevents a second litigation of the same issue between the same parties, even when raised in a different claim or cause of action."[16]

Federal courts afford preclusive effect to state-court judgments whenever the courts of that state would do so.[17] The foreclosure judgment emerged from Kansas courts, so the preclusive effect of that judgment is determined by Kansas law. Under Kansas law, collateral estoppel requires:

---

[14] *See Allen v. McCurry*, 449 U.S. 90, 94 (1980).

[15] *Id.* at 94 n.5.

[16] *In re Application of Fleet for Relief from a Tax Grievance in Shawnee Cty.*, 293 Kan. 768, 778, 272 P.3d 583, 589 (2012).

[17] *Allen*, 449 U.S. at 96 (citing 28 U.S.C. § 1738).

> (1) a prior judgment on the merits that determined the parties' rights and liabilities on the issue based upon ultimate facts as disclosed by the pleadings and the judgment; (2) the same parties or parties in privity; and (3) the issue litigated must have been determined and necessary to support the judgment.[18]

Regarding the "prior judgment" element, Kansas allows a default judgment to be a basis for collateral estoppel.[19] Regarding the "same parties or parties in privity" element, in the context of collateral estoppel:

> Privity requires, at a minimum, a substantial identity between the issues in controversy and showing the parties in the two actions are really and substantially in interest the same. Privity has been held to exist in the following relationships: concurrent relationship to the same property right (i.e., trustee and beneficiary); successive relationship to the same property or right (i.e., seller and buyer); or representation of the interests of the same person.[20]

Federal law requires just one additional element for preclusive effect to be given to a state-court judgment. The party against whom the earlier court decision is asserted must have had a full and fair opportunity to litigate the claim or issue decided by the first court.[21] Plaintiffs have the burden to show "a deficiency that would undermine the fundamental fairness of the original proceedings."[22] "The fairness of the process is determined by examining any procedural

---

[18] *In re Application of Fleet*, 293 Kan. at 778, 272 P.3d at 589–90.

[19] *McPherson v. Atkinson*, 2004 WL 1087024, at *1, 89 P.3d 662 (Kan. Ct. App. May 14, 2004) (unpublished table opinion) (citing *First Hays Banshares, Inc. v. Kan. Bankers Sur. Co.*, 244 Kan. 576, 579, 769 P.2d 1184, 1186 (1989) and *Southgate Bank v. Fid. & Deposit Co. of Md.*, 14 Kan. App. 2d 454, 457, 794 P.2d 310, 314 (1990)).

[20] *Anjard v. Anjard-Hillard*, 2012 WL 1920375, at *4, 276 P.3d 838 (Kan. Ct. App. May 18, 2012) (unpublished table opinion) (citing *Lowell Staats Mining Co. v. Phila. Elec. Co.*, 878 F.2d 1271, 1275 (10th Cir. 1989)).

[21] *See Allen*, 449 U.S. at 101.

[22] *Clemmons v. Peak*, No. 94–3160, 1999 WL 450889, at *4 (D. Kan. Apr. 14, 1999) (quoting *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997)).

limitations, the party's incentive to fully litigate the claim, and whether effective litigation was limited by the nature or relationship of the parties."[23] If a party had a full and fair opportunity to litigate an issue but "simply failed to take advantage of the opportunity," the "full and fair opportunity" element is still met.[24]

Here, 3 of the 4 elements of collateral estoppel are met. The default judgment in the foreclosure action is a prior judgment on the merits that determined Dale's and Nationstar's rights and liabilities regarding the Property based upon ultimate facts as disclosed by the pleadings and the judgment. And this was necessary to support the foreclosure judgment. Dale has not argued that she lacked a full and fair opportunity to litigate the issue. Accordingly, the Court finds that she did have a full and fair opportunity to litigate the issue, but she failed to do so, resulting in a default judgment against her.

But Bank of America was not a party to the foreclosure proceeding or in privity with Nationstar. Bank of America insists that it was in privity with Nationstar, saying Nationstar succeeded to the property interest previously owned by Bank of America. Bank of America cites the Assignment of Mortgage attached to Dale's complaint. But the Court must accept plaintiff's factual allegations as true. And according to these allegations, Bank of America never had any property interest in the Property at all. Taking Dale's allegations as true, Bank of America had no property interest to transfer to Nationstar, and thus cannot be in privity with Nationstar on these grounds.

---

[23] *Nwosun*, 124 F.3d at 1257–58.

[24] *See Clemmons*, 1999 WL 450889, at *4.

Because Bank of America was not a party to the foreclosure proceeding and cannot be considered in privity with Nationstar, collateral estoppel does not bar Dale's claims against Bank of America.

## B. Compulsory Counterclaims

Bank of America insists that Dale's claims were compulsory counterclaims to the foreclosure action and therefore cannot be raised in this action. Federal courts "look to state law to determine if a claim is a compulsory counterclaim, and if so, the effect of a failure to raise such a claim."[25] The Kansas compulsory counterclaims statute—K.S.A. 60-213(a)—reads:

> (a) *Compulsory counterclaims.* (1) *In general.* A pleading must state as a counterclaim any claim that, at the time of its service, the pleader has against an opposing party if the claim: (A) Arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction.[26]

The Kansas Supreme Court has noted that this Kansas rule is virtually identical to Federal Rule of Civil Procedure 13(a), and Kansas courts look to federal law for guidance on how to interpret this rule.[27]

Although neither Kansas courts nor the Tenth Circuit have ruled on the issue, the Third Circuit has found that the phrase "opposing party" in the federal version of the rule includes

---

[25] *Valley View Angus Ranch, Inc. v. Duke Energy Field Servs., Inc.*, 497 F.3d 1096, 1100 (10th Cir. 2007).

[26] Kan. Stat. Ann. § 60-213(a).

[27] *See Loving v. Fed. Land Bank of Wichita*, 244 Kan. 96, 99, 766 P.2d 802, 804 (1988).

"parties in privity with the formally named opposing parties."[28] So Kansas courts might follow this federal rule.

Here, regardless, Bank of America runs into the same problem it ran into in the collateral estoppel analysis. It was not a party to the foreclosure action and it cannot be said to be in privity with Nationstar for purposes of this motion to dismiss. So it is not an "opposing party" under the statute. Therefore, Kansas' compulsory-counterclaim rule does not control Dale's claims against Bank of America.

## IV.    Conclusion

To prevail under collateral estoppel or Kansas' compulsory-counterclaim rule, a defendant must have been a party to the prior judgment or in privity with such a party. Bank of America raises both collateral estoppel and Kansas' compulsory-counterclaim rule as defenses based on the state foreclosure action. But Bank of America was not a party to the foreclosure action. And taking Dale's allegations as true, Bank of America was not in privity with any party to the foreclosure action. So Bank of America cannot succeed with these defenses.

---

[28] *Transamerica Occidental Life Ins. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 393 (3d Cir. 2002) (Alito, J.).

**IT IS THEREFORE ORDERED** that Bank of America's Motion to Dismiss (Doc. 7) is

**DENIED.**

**IT IS SO ORDERED**.

Dated this 11th day of August, 2016.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE